UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JUSTIN R. FORREST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 18-1248-JDT-cgc |
| | ) | |
| DR. MIKE MOORE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DIRECTING PLAINTIFF TO COMPLY WITH 28 U.S.C. § 1915(a)(2)
OR PAY THE $400 CIVIL FILING FEE

On December 19, 2018, Plaintiff Justin R. Forrest, who is incarcerated at the Obion County Jail in Union City, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Clerk shall record the Defendants as Dr. Mike Moore; Kathy Johnson, a Jailer; and Carl Jackson, the Obion County Sheriff.

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the full civil filing fee. The PLRA merely provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Id.* § 1915(b)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs."), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

However, not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. *Wilson v. Yaklich*, 148 F.3d 596, 602-06 (6th Cir. 1998).

Plaintiff has filed three previous civil actions in federal court that were dismissed for failure to state a claim or as frivolous.[1] Therefore, he may not file any further action in which he proceeds *in forma pauperis* unless he first demonstrates that he is under imminent danger of serious physical injury. The assessment of whether a prisoner is in imminent danger is made at the time of the filing of the complaint. *See, e.g., Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312-16 (3d Cir. 2001) (en banc).

Plaintiff alleges that on November 27, 2018, he was taken to medical to be seen by Defendants Moore and Johnson at intake. Moore checked Plaintiff's weight and blood pressure while Johnson filled a syringe with "some kind of medicine that was suppose[d] to be for a 'TB' tuberculosis skin test." (ECF No. 1 at 2.) Moore then injected the substance in the syringe into

---

[1] *See Forrest v. Madison Cnty., et al.*, No. 16-1070-JDT-cgc (W.D. Tenn. Sept. 20, 2017) (dismissed for failure to state a claim); *Forrest v. Pickens, et al.*, No. 14-1282-JDT-egb (W.D. Tenn. Sept. 9, 2015) (dismissed for failure to state a claim); and *Forrest v. Ray, et al.*, No. 10-cv-00495-TAV-ccs (E.D. Tenn. Jan. 4, 2011) (dismissed for failure to state a claim).

Plaintiff's arm, and Plaintiff alleges that it "burnt as if he was holding a cigarette to my arm." (*Id.* at 3.) The next day, Plaintiff's arm allegedly was red, sore and swollen and was "[decaying] from the inside out . . . in the middle of the red circle on [his] arm." (*Id.*) When no one checked the skin test within three days, he showed his arm to several Jail officers. Defendant Johnson came to the pod after six days and saw the condition of his arm, at which time she took pictures of Plaintiff's arm with her cell phone. Plaintiff alleges that Johnson tried to get him to take some Amoxycillin "that she told the doctor to prescribe me." (*Id.*) However, Plaintiff refused the medication because Johnson would not let him see a doctor or nurse. Johnson allegedly then tried to get Plaintiff to put Bactrin on his arm because it was not getting any better. Plaintiff states he refused that medication also because he needed to see a medical provider to determine why the TB skin test reacted the way it did. (*Id.*)

Plaintiff alleges other officers at the Jail told him the only way he could see a medical provider was to go through Johnson because she was over the medical staff. After Plaintiff begged Johnson to see a "real" doctor or nurse, she finally allowed him to see a doctor on December 10, 2018. (*Id.* at 4.) However, the doctor, whose name Plaintiff was not told, allegedly acted as if he did not want to see Plaintiff and "barely glanced" at Plaintiff's arm although "clearly any competent person of any kind [could] see the rotten condition of my arm." (*Id.*) The doctor gave Plaintiff some bandages and triple antibiotic ointment and sent him back to the pod. As of December 15, 2018, Plaintiff alleges he is "still suffering from the same rotten condition" as a result of the TB skin test. (*Id.*)

Plaintiff asserts that Defendants acted negligently in failing to provide him with proper medical attention and committed medical malpractice in allowing Defendant Johnson, who is not a licensed medical provider, to supervise medical staff and prescribe medications on her own.

3

Plaintiff also asserts that Defendant Jackson, as the Sheriff, knew the kinds of negligent actions taking place at the Jail but failed to take corrective action. (*Id.* at 4-6.)

The Court finds that Plaintiff has sufficiently alleged he is in imminent danger of serious physical injury as a result of the Defendants' actions. Therefore, the complaint in this case comes within the exception to 28 U.S.C. § 1915(g) and Plaintiff may be able to take advantage of the installment procedures of § 1915(b). However, in order to take advantage of those installment procedures, a prisoner first must submit to the district court, along with his *in forma pauperis* affidavit, a current certified copy of his inmate trust account statement for the six months immediately preceding the filing of the complaint. *Id.* § 1915(a)(2).

In this case, the affidavit submitted by Plaintiff is not accompanied by a certified copy of his trust account statement. Accordingly, Plaintiff is ORDERED to submit, within 30 days after the date of this order, either the entire $400 civil filing fee[2] or a copy of his trust account statement for the last six months.[3] If Plaintiff needs additional time to file the document, he may request one 30-day extension of time from this Court. *McGore*, 114 F.3d at 605.

If Plaintiff timely submits the necessary document and the Court finds that he is indigent, the Court will grant leave to proceed *in forma pauperis* and assess a filing fee of $350 in accordance with the installment procedures of 28 U.S.C. § 1915(b). The complaint will then be screened in accordance with 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). However, if Plaintiff fails to comply with this order in a timely manner, the Court will deny leave to proceed *in forma*

---

[2] The civil filing fee is $350. 28 U.S.C. § 1914(a). The Schedule of Fees set out following the statute also requires an additional administrative fee of $50 for filing any civil case. That additional fee will not apply if leave to proceed *in forma pauperis* is ultimately granted.

[3] Plaintiff does not need to submit another *in forma pauperis* affidavit.

*pauperis*, assess the entire $400 filing fee from his trust account without regard to the installment payment procedures, and dismiss the action without further notice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. *McGore*, 114 F.3d at 605.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address. Failure to abide by this requirement may likewise result in the dismissal of this case without further notice, for failure to prosecute.

IT IS SO ORDERED.

                                            s/ **James D. Todd**
                                            JAMES D. TODD
                                            UNITED STATES DISTRICT JUDGE