# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| JUSTIN R. FORREST, | ) |
| Plaintiff, | ) |
| VS. | ) No. 18-1248-JDT-cgc |
| DR. MIKE MOORE, ET AL., | ) |
| Defendants. | ) |

### ORDER DISMISSING CASE WITHOUT PREJUDICE, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Justin R. Forrest, a "three-strike" filer under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), filed a *pro se* civil complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) He is currently incarcerated at the Obion County Jail (Jail) in Union City, Tennessee. The Court issued an order finding that Forrest had sufficiently alleged he was in imminent danger when he filed the complaint but ordering him to submit a copy of his inmate trust account in order to take advantage of the PLRA's installment procedures. (ECF No. 4.) However, Forrest's copy of that order was returned as undeliverable. (ECF No. 5.) After almost a month elapsed without Forrest providing a new address, the Court denied leave to proceed *in forma pauperis* and dismissed the case without prejudice. (ECF No. 6.)

Thereafter, Forrest filed a motion to reconsider, stating he did not receive the order because he was temporarily "out to court" for five weeks and Obion County did not hold his mail. (ECF No. 9.) He further stated he was unable to obtain a copy of his trust account statement. (*Id.* at

PageID 29.) The Court granted his motion to reconsider, re-opened the case, granted leave to proceed *in forma pauperis*, and assessed the $350 filing fee pursuant to the PLRA, 28 U.S.C. §§ 1915(a)-(b). (ECF No. 10.)

The named Defendants are Dr. Mike Moore, a physician at the Jail; Correctional Officer/Jailer Kathy Johnson; and Obion County Sheriff Carl Jackson. (ECF No. 1 at PageID 2.) The Defendants are sued in "their own official individual capacit[ies]." (*Id*. at PageID 7.)

Forrest alleges in the complaint that during intake at the Jail on November 27, 2018, Moore and Johnson gave him a tuberculosis skin test via injection. (*Id*. at PageID 2.) He claims he had an adverse skin reaction, which Jail personnel did not check until six days later. (*Id*. at PageID 3.) He refused the oral and topical medications that Johnson offered because Forrest wanted to "see a real doctor or nurse." (*Id*. at PageID 3-4.) When he saw an unnamed physician on December 10, 2018, the doctor "acted as if he didn't want to see me" and prescribed "triple antibiotic ointment" with bandages. (*Id*. at PageID 4.) As of December 15, 2018, Plaintiff was "still suffering from the same rotten skin condition." (*Id*.)

The complaint asserts claims for medical malpractice, negligence, neglect, and lack of "due diligence." (*Id*. at PageID 4-6.) Forrest seeks $250,000 in damages. (*Id*. at PageID 7.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662,

677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

The Court does not have subject matter jurisdiction over Forrest's claims, which arise solely under Tennessee law. "Federal courts are courts of limited jurisdiction. Unlike state trial courts, they do not have general jurisdiction to review questions of federal and state law, but only the authority to decide cases that the Constitution and Congress have empowered them to resolve." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008); *see also Kokkonen v. Guardian*

3

*Life Ins. Co.*, 511 U.S. 375, 377 (1994) (jurisdiction of the federal courts "is not to be expanded by judicial decree"). "[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).

"A party seeking to invoke the jurisdiction of the federal courts . . . bears the burden of establishing that such jurisdiction exists." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008) (per curiam). Rule 8(a)(1) of the Federal Rule of Civil Procedure requires that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction . . . ." In addition, Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

There are two kinds of federal jurisdiction. First, the federal district courts have jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Notwithstanding his use of the § 1983 complaint form, Forrest clearly states he is suing the Defendants for medical malpractice, neglect, and lack of "due diligence." There is, therefore, no federal question jurisdiction in this case.

Second, federal jurisdiction may be based on diversity of citizenship, meaning it applies to cases between "citizens of different states." 28 U.S.C. § 1332(a)(1). Diversity of citizenship is present where the plaintiff is a citizen of one state and all of the defendants are citizens of other states, plus the amount in controversy in the case is more than $75,000. *See Exact Software N. Am., Inc. v. DeMoisey*, 718 F.3d 535, 541 (6th Cir. 2013).

Forrest has not alleged that diversity of citizenship is present in this case. Though he indicates he is incarcerated in Tennessee and that the Defendants work in Obion County,

4

Tennessee, he does not allege either his own citizenship or that of the Defendants.[1]  Therefore, the Court does not have jurisdiction to hear Forrest's claims, and this case is hereby DISMISSED WITHOUT PREJUDICE in its entirety for lack of subject matter jurisdiction.

It is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) that an appeal by Forrest would not be taken in good faith.  Leave to appeal *in forma pauperis* is DENIED.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                                  s/ **James D. Todd**
                                                  JAMES D. TODD
                                                  UNITED STATES DISTRICT JUDGE

---

[1]  Alleging that one currently resides in a particular state is not the same as alleging that one is a citizen of that state.  Citizenship is based on domicile, which requires that a person "be physically present in the state *and* . . . have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere."  *Deasy v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 47 F. App'x 726, 728 (6th Cir. 2002) (emphasis added).  There is a presumption that a prisoner retains his prior citizenship while incarcerated.  *Stifel v. Hopkins*, 477 F.2d 1116, 1126 (6th Cir. 1973); *see also Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001).  Forrest does not allege, however, that his citizenship is in a state other than Tennessee notwithstanding the fact he is incarcerated here.